UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JUAN CARLOS VARGAS PUELLO,

Petitioner,

v. Case No.: 2:26-cv-02969-SPC-NPM

WARDEN, GLADES COUNTY DETENTION CENTER *et al.*,

Respondents.

______________________________/

**OPINION AND ORDER**

Before the Court are Juan Carlos Vargas Puello's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 3).

Vargas Puello is a native and citizen of Venezuela who entered the United States on May 4, 2023. The Department of Homeland Security (DHS) apprehended him and designated him for expedited removal. A DHS official determined Vargas Puello had credible fear of persecution if he returned to Venezuela and paroled him into the United States. He has work authorization and previously had temporary protected status. Vargas Puello has no criminal record other than a traffic infraction for driving without a license. On August 20, 2026, Border Patrol agents arrested Vargas Puello outside his home and commenced removal proceedings. He is currently detained at Glades County Detention Center without an opportunity to seek release on bond.

Vargas Puello claims his detention without process violates the Fifth Amendment. In response, the government confirms it will not conduct a bond hearing because it considers Vargas Puello an "arriving alien" subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). As the government acknowledges, its position is contrary to binding Eleventh Circuit precedent. In *Hernandez Alvarez*, the Eleventh Circuit held, "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior. By interpreting § 1225 to stretch far beyond the border and ports of entry, the Government vitiates this longstanding distinction." *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1276 (11th Cir. 2026). The government's misapplication of § 1225(b)(2)(A) undercuts its administrative exhaustion defense. Because the government asserts Vargas Puello is not entitled to a bond hearing, it would be futile for him to request one.

The government also argues 8 U.S.C. § 1252(g) strips the Court of jurisdiction over Vargas Puello's claims. It states:

> Except as provided in this section and notwithstanding any other provisions of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. § 1252(g). This jurisdictional bar is narrow. "The provision applies only to three discrete actions that the Attorney General may take: her 'decision or action' to '*commence* proceedings, *adjudicate* cases, or *execute* removal orders.'" *Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999); *see also Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018) ("We did not interpret this language to sweep in any claim that technically can be said to 'arise from' the three listed actions of the Attorney General. Instead, we read the language to refer to just those three specific actions themselves."). "When asking if a claim is barred by § 1252(g), courts must focus on the action being challenged." *Canal A Media Holding, LLC v. United States Citizenship and Immigration Servs.*, 964 F.3d 1250, 1258 (11th Cir. 2020).

The government's jurisdictional argument was perhaps reasonable a year ago, when courts and the legal community were grappling with novel issues presented by the government's new approach to immigration enforcement. But the dust has settled on this issue. This Court and others have repeatedly explained why § 1252(g) does not strip district courts of jurisdiction over habeas challenges to the legality of immigration detention. *See, e.g.*, *Acosta de Mata v. Sullivan*, 832 F. Supp. 3d 1338, 1346-49 (N.D. Ga. 2026) (collecting cases from across the country). In short, Vargas Puello is not challenging any of the three discrete actions covered by § 1252(g). The government's § 1252(g) argument is frivolous. *See Gulisano v. Burlington, Inc.*,

34 F.4th 935, 942 (11th Cir. 2022) ("A legal claim is frivolous when it has no reasonable chance of succeeding.").

The Court turns to the merits of Vargas Puello's due process claim. The Fifth Amendment guarantees that "[n]o person shall be…deprived of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. The clause "applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). It is thus "well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993).

The Supreme Court has long recognized that "due process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1976). Courts look to three factors when considering what process is due in a given situation: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

All three factors weigh in Vargas Puello's favor. First, his interest in freedom from detention "lies at the heart of the liberty" the Due Process Clause protects. *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Second, the risk of erroneous deprivation of that interest is substantial here. Immigration detention is civil in nature, and civil detention violates the Fifth Amendment unless "a special justification...outweighs the individual's constitutionally protected interest in avoiding physical restraint." *Zadvydas*, 533 U.S. at 690 (internal quotation marks and citation omitted). It is the government's position that Vargas Puello is subject to mandatory detention despite the absence of any special justification simply because it classifies him as an "arriving alien" (contrary to the plain meaning of the term and the law of this circuit). Without some consideration of the facts, there is nothing to ensure immigration detention serves its statutory purposes and is used in accordance with the Constitution and the laws enacted by Congress.

Third, while the government has a legitimate interest in preventing noncitizens in removal proceedings from absconding, the process attendant to § 1226(a) would be adequate to serve the interest in this case. That process includes an initial custody determination, the right to request a custody redetermination hearing, and the right to request additional hearings when circumstances materially change. By classifying Vargas Puello as an "arriving alien" subject to mandatory detention under § 1225(b)(2), the government has

stripped him of the right to any discretionary review of his detention, no matter the circumstances.

For these reasons, the Court finds that the government violated Vargas Puello's Fifth Amendment rights by detaining him under an inapplicable statutory framework that does not provide due process.

Accordingly, it is hereby **ORDERED**:

Juan Carlos Vargas Puello's Petition for Writ of Habeas Corpus (Doc. 12) is **GRANTED**.

(1) Within 24 hours of this Order, the government shall release Vargas Puello and give him telephone access so he can arrange transportation from the detention facility.

(2) The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on November 17, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties or Record